■    In the Matter of the CITY OF NEW YORK Appellant, Relative to Acquiring Title to Real Property for the Williamsburgh Urban Renewal Project, Bounded by Kent Avenue, Division Avenue, Bedford Avenue and Williamsburgh Street West, in the Borough of Kings. KRISCHER METAL PRODUCTS CO., INC., Respondent.—In a condemnation proceeding, the City of New York appeals from so much of a seventh separate and partial final decree of the Supreme Court, Kings County, entered May 7, 1975, as made an award for certain fixtures on Damage Parcels Nos. 410 and 411. Seventh separate and partial final decree affirmed insofar as appealed from, without costs or disbursements. The record supports the Special Term's finding that the fixtures in question could not be removed without substantial damage to themselves or to the freehold. The award was therefore properly made on the basis of sound value (reproduction cost less depreciation). The city's strongest argument is that the actual removal of the 25-ton press and the eight presses weighing a total of 92 tons, negated a finding that the 18 less bulky items in question, the heaviest of which weighed 6.2 tons, could not be moved without substantial damage to themselves or the freehold. If the heavier machinery could be moved without damage to itself or the freehold, why not also the lighter machinery? That question has a certain surface cogency, but the short answer is that Special Term factually found that the 18 items in question could not be moved without substantial damage to themselves or to the freehold, and the record on this appeal supports that finding. Moreover, the city does not attempt to show that the items moved were in the same situation as to movability as those not moved, but merely relies upon a presumption that, if heavier fixtures are movable, so also are lighter fixtures. This is not necessarily so, since the circumstances of each may be different. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.